IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| FRANKLIN C. SMITH | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| COMMISSIONER CARL DANBERG, and | : | |
| ATTORNEY GENERAL OF THE STATE | : | |
| OF DELAWARE | : | NO. 11-415 |

MEMORANDUM

Baylson, J.                                                                                                                                      July 25, 2011

**I. Introduction**

Petitioner Franklin C. Smith filed a "Petition for Writ of Habeas Corpus" (Doc. No. 2) along with an Amended Emergency Petition for Writ of Habeas Corpus (Doc. No. 8) (hereinafter collectively referred to as "Petition"), and an "Urgent Addendum" (Doc. No. 10). Petitioner was housed at the Central Violation of Probation Center located in Smyrna, Delaware when he filed the Petition. Upon independent and thorough review, the Court summarily denies the Petition without prejudice and declines to issue a certificate of appealability. See 28 U.S.C. § 2243; Rule 4, 28 U.S.C. foll. § 2254.

**II. Background**

According to the Petition, Petitioner pled guilty to third degree burglary on January 18, 2011 and theft. (Doc. No. 2 at ¶¶ 1-6) He was immediately sentenced to three years at Level V incarceration, suspended after six (6) months for one (1) year at Level III on the burglary conviction, and to one (1) year at Level V, suspended for one (1) year at Level III, for the theft conviction, to be served consecutively. (Doc. No. 2 at 32) Petitioner appealed, but the appeal was returned on January 25, 2011. (Doc. No. 2 at ¶¶ 8-9)

Petitioner also asserts that he filed two petitions for the writ of habeas corpus in the Delaware Superior Court challenging his pre-trial custody on the grounds of excessive bail and involuntary commitment to the Delaware Psychiatric Center, which were denied in July 2010 and September 2010. (Doc. No. 2 at ¶ 11)

Petitioner filed the instant Petition on May 12, 2011 (and the amendment on May 31, 2011), and then an "urgent addendum" on June 9, 2011. The Petition asserts the follow grounds for relief: (1) excessive bail; (2) coerced guilty plea; (3) double jeopardy violation; (4) due process violations; and (5) ineffective assistance of counsel. Petitioner also assert miscellaneous allegations regarding violations of the American with Disabilities Act ("ADA").[1] (Doc. No. 10; Doc. No. 11)

### III. Standard of Review

Federal courts are required to liberally construe pro se filings. See Royce v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998). Nevertheless, a district court may summarily dismiss a habeas petition "if it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief." See Rule 4, 28 U.S.C. foll. § 2254; see also 28 U.S.C. § 2243 ("A court, justice or judge entertaining an application for a writ of habeas corpus shall . . . issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the face of the application that the applicant or person detained is not entitled thereto.") Except in unusual circumstances, a petitioner is not entitled to federal habeas relief unless he has exhausted state remedies for all of his habeas claims. 28 U.S.C. § 2254(b)(1)(A); Rose v. Lundy, 455 U.S. 509, 515-16 (1982). A petitioner demonstrates that a claim has been

---

[1] These ADA "issues" are not cognizable on federal habeas review.

2

"exhausted" in state court by showing that he presented the legal and factual basis of each claim to the Delaware Supreme Court. Duncan v. Henry, 513 U.S. 364, 365 (1995).

When a claim has not been exhausted but further state court review is clearly foreclosed, the claim is deemed to be procedurally defaulted. Carpenter v. Vaughn, 296 F.3d 138, 147 (3d Cir. 2002). Such procedurally defaulted claims may be reviewed in a federal habeas proceeding upon a showing of cause and prejudice, or upon a showing that a miscarriage of justice will result from lack of review. Edwards v. Carpenter, 529 U.S. 446, 451 (2000); Lines v. Larkins, 208 F.3d 153, 160 (3d Cir. 2000). However, under § 2254(c), a petitioner will not be deemed to have exhausted available state remedies if he has the right under the law of the state to raise, by any available procedure, the question presented. O'Sullivan v. Boerckel, 526 U.S. 838 (1999). Consequently, if a petitioner presents a federal court with a federal habeas application consisting entirely of unexhausted claims, and further review of those claims is still available in the state courts, the federal court will ordinarily dismiss the habeas application without prejudice in order to give the petitioner an opportunity to present the unexhausted claims to the state courts. See Rose, 455 U.S. at 519-22; Waples v. Phelps, 2008 WL 1743400, at *2 (D. Del. Apr. 16, 2008).

## IV. Discussion

The Petition indicates that Petitioner appealed his sentence and conviction, and that he filed various post-conviction motions in the Delaware courts. However, Petitioner asserts that at least one post-conviction motion is still pending in the Delaware Superior Court.[2] (Doc. No. 2 at

---

[2]The Court acknowledges that Petitioner may be trying to contend that the Superior Court decided his state petitions for habeas corpus and sentence modification too slowly and in a manner unacceptable to him. Even if this second alternative is the situation in this case, there is no indication that Petitioner appealed those possible decisions to the Delaware Supreme Court, which, in turn, means that Petitioner has not exhausted state remedies.

6, 7, 9, 10, and 12 at ¶ 15) Accordingly, the Petition will be dismissed without prejudice for failure to exhaust state court remedies.[3]

## V. Writ of Mandamus

During the brief pendency of this proceeding, Petitioner filed a document titled "Writ of Mandamus" asking for the return of his legal materials and gray tennis shoes that were confiscated during his transfer to the Sussex Violation of Probation Center. (Doc. No. 12) Petitioner then filed a letter explaining that the legal materials he seeks relate to a case presently pending in the Eastern District of Virginia, Smith v. McCabe, 10-33-MSD (E.D. Va.).[4] (Doc. No. 13)

Whether Petitioner's request is construed as a request for mandamus relief or as a request for a preliminary injunction, such extraordinary relief is difficult to obtain. For instance, to obtain a writ of mandamus, Petitioner must satisfy the following three conditions: (1) he must demonstrate that he has "no other adequate means to attain the relief he desires." Cheney v. United States Dist. Court, 542 U.S. 367, 380 (2004) (citation omitted); (2) he must carry the burden of showing that "his right to the issuance of the writ is clear and indisputable." Id. at 381 (citations omitted); and (3) "the issuing court . . . must be satisfied that the writ is appropriate under the circumstances." Id. In order to obtain a preliminary injunction, Petitioner must demonstrate that: (1) he is likely to succeed on the merits; (2) denial will result in his irreparable

---

[3]Petitions filed pursuant to 28 U.S.C. § 2254 must be filed within a one-year limitations period. Acting pro se, Petitioner is responsible for determining the events that trigger and toll the limitations period, as well as the time remaining in the limitations period once it starts again after such tolling.

[4]Petitioner's proceeding in the Eastern District of Virginia is an excessive force case with trial presently scheduled to commence on December 13, 2011.

4

injury; (3) granting the injunction will not irreparably harm the nonmoving party; and (4) granting the injunction is in the public interest. Kos Pharms., Inc. v. Andrx Corp., 369 F.3d 700, 708 (3d Cir. 2004); Maldonado v. Houston, 157 F.3d 179, 184 (3d Cir. 1997). Petitioner's failure to establish any one of these four factors renders injunctive relief improper. Nutrasweet Co. v. Vit-Mar Enters., Inc., 176 F.3d 151, 153 (3d Cir. 1999). Additionally, given the intractable problems of prison administration, a request for injunctive relief in the prison context must be viewed with considerable caution. Abraham v. Danberg, 322 F. App'x 169, 170 (3d Cir. 2009).

In this case, the Court concludes that Petitioner has failed to demonstrate his entitlement to a writ of mandamus or preliminary injunctive relief, because the confiscated legal materials he seeks are unrelated to the instant habeas proceeding. Additionally, Petitioner may pursue the return of his legal materials via a 42 U.S.C. § 1983 claim filed in this Court, demonstrating that he has "other adequate means to attain the relief he desires" (condition for mandamus relief) and that he will not be irreparably harmed by the Court's denial of the instant request (condition for injunctive relief). Accordingly, the Court will deny the Writ of Mandamus.

## VI. Conclusion

For the reasons set forth above, the Court dismisses without prejudice the Petition for Writ of Habeas Corpus, and declines to issue a certificate of appealability.

An appropriate Order follows.