IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

FRANKLIN C. SMITH,                          )
                                            )
              Petitioner,                   )
                                            )
       v.                                   )   Civ. No. 11-415-SLR
                                            )
CARL DANBERG, Commissioner, and             )
ATTORNEY GENERAL OF THE                     )
STATE OF DELAWARE,                          )
                                            )
              Respondents.                  )

Franklin C. Smith.   Pro se petitioner.

Elizabeth R. McFarlan, Deputy Attorney General, Delaware Department of Justice,
Wilmington, Delaware.   Counsel for respondents.

**MEMORANDUM OPINION**

March   1  , 2013
Wilmington, Delaware

ROBINSON, District Judge

## I. INTRODUCTION

Presently before the court is Franklin C. Smith's ("petitioner") application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  (D.I. 2)  Petitioner was in custody at the Plummer Community Correction Center in Wilmington, Delaware, when he filed the instant application.  For the reasons that follow, the court will dismiss his application as moot.

## II. FACTUAL AND PROCEDURAL BACKGROUND

In May 2010, petitioner was charged by indictment with two counts of criminal mischief of less than $1000; third degree burglary; and theft of under $1500.  (D.I. 34 at 1)  In July 2010, the Superior Court ordered petitioner to undergo a psychiatric evaluation.  After receiving the report of that evaluation, the Superior Court found petitioner incompetent to stand trial and ordered the Department of Correction ("DOC") to transfer petitioner to the Delaware Psychiatric Center ("DPC") for treatment. Following another psychological/psychiatric report from the DPC in November 2010, the Superior Court allowed petitioner to be transferred back to the DOC and revived the criminal proceedings.  On January 18, 2011, petitioner pled guilty to the burglary and theft charges.  The Superior Court immediately sentenced him to an aggregate of four years at Level V incarceration, suspended immediately for Level IV, and suspended again for twelve months upon acceptance into the Level III Cornerstone program (mental health and substance abuse treatment).  *Id.*  The Superior Court ordered the DOC to house petitioner at the DPC until he was admitted to Cornerstone.  Petitioner did not appeal his conviction or sentence.  *Id.* at 2.

Between June 2010 and September 2011, petitioner, acting pro se, filed five state habeas petitions, four motions for sentence modification (an additional such motion was filed by counsel), three motions for credit for time previously served, one complaint for an extraordinary writ, and a motion for post-conviction relief pursuant to Delaware Superior Court Criminal Rule 61 ("Rule 61 motion"). Petitioner also filed various motions to compel, to disqualify the judge, and to dismiss counsel. (D.I. 34 at 2) The Superior Court granted one of petitioner's motions for modification of sentence to substitute the Crest program for the Cornerstone program. Petitioner did not appeal from any of the Superior Court's orders. The final modified sentence order issued by the Superior Court on August 31, 2011, provided that petitioner, effective July 13, 2011, was to serve four months at Level IV at the VOP Center, after which he was discharged as unimproved. *Id.*

Petitioner filed an undated federal habeas application in May 2011. The Honorable Michael M. Baylson dismissed the application without prejudice on July 25, 2011, for failure to exhaust state remedies. Petitioner then filed an addendum on August 11, 2011, which the Honorable Michael M. Baylson construed as a motion to reopen; the motion was granted and the case was reopened on November 21, 2011. (D.I. 22) Petitioner filed an amendment to the application in January 2012. (D.I. 27) In February, 2012, the case was reassigned to this court's docket. Thereafter, the State filed an answer contending that the court must dismiss the application in its entirety because petitioner's claims are moot and/or not cognizable on federal habeas review. (D.I. 34)

2

## III. DISCUSSION

According to Article III, Section 2, of the United States Constitution, federal courts can only consider ongoing cases or controversies. *Lewis v. Continental Bank, Corp.*, 494 U.S. 472, 477-78 (1990); *United States v. Kissinger*, 309 F.3d 179, 180 (3d Cir. 2002)(finding that an actual controversy must exist during all stages of litigation). The "case-or-controversy requirement subsists through all stages of federal judicial proceedings." *Lewis,* 494 U.S. at 477-78.

When a habeas petitioner challenges his underlying conviction, and he is released during the pendency of his habeas petition, federal courts presume that "a wrongful criminal conviction has continuing collateral consequences" sufficient to satisfy the injury requirement. *Spencer v. Kemna*, 523 U.S. 1, 8 (1998); *see Steele v. Blackman*, 236 F.3d 130, 134 n.4 (3d Cir. 2001). However, when a petitioner does not attack his conviction, the injury requirement is not presumed. *Chong v. District Director, INS*, 264 F.3d 378, 384 (3d Cir. 2001). "[O]nce a litigant is unconditionally released from criminal confinement, the litigant [can only satisfy the case-and-controversy requirement by] prov[ing] that he or she suffers a continuing injury from the collateral consequences attaching to the challenged act"[1] "that is likely to be redressed by a favorable judicial decision." *Spencer*, 523 U.S. at 7. In the absence of continuing collateral consequences, a federal district court does not have jurisdiction to review moot habeas claims. *North Carolina v. Rice*, 404 U.S. 244, 246 (1971)("mootness is a jurisdictional question"); *Chong,* 264 F.3d at 383-84.

---

[1]*Kissinger*, 309 F.3d at 181.

3

Petitioner's original and amended applications assert ten discernible grounds for relief: (1) ineffective assistance of counsel; (2) excessive bail; (3) coerced plea; (4) double jeopardy violation; (5) due process violations; (6) malicious prosecution; (7) sabotage; (8) miscarriage of justice; and (9) wrongful imprisonment.

The record reveals that the Superior Court fully discharged petitioner from probation on September 19, 2011. Thus, to the extent petitioner's application seeks immediate release from the Plummer Community Correction Center and the extinguishment of his Delaware sentence, he has received the requested relief.[2] Petitioner has not alleged, and the court cannot discern, any continuing collateral consequences stemming from the claims raised in his application that can be redressed by a favorable judicial decision in this federal habeas proceeding. *See Lane v. Williams*, 455 U.S. 624, 631, 633 (1982)(" since [the challenged] sentences expired during the course of these proceedings, this case is moot; . . . [t]hrough the mere passage of time, respondents have obtained all the relief that they sought . . . no live controversy remains); *Harris v. Williams*, 2002 WL 1315453, at *2 (D. Del. June 14, 2002). By failing to demonstrate continuing collateral consequences, petitioner has failed to satisfy Article III's case-and-controversy requirement. *See Spencer*, 523 U.S. at 7; *Chong*, 264 F.3d at 383-84. Therefore, the court will deny the instant application as moot.

## IV. PENDING MOTIONS

During the pendency of this proceeding, petitioner filed two motions requesting representation by counsel. (D.I. 28; D.I. 40) Having determined that the application

---

[2]It appears that petitioner is now incarcerated in Knoxville, Tennessee.

4

must be denied as moot, the court will deny the motions for representation by counsel as moot.

Petitioner has also filed a motion to compel compensation. (D.I. 41) Claims requesting monetary relief are not cognizable on federal habeas review. Accordingly, the court will deny the motion.

## V. CERTIFICATE OF APPEALABILITY

A district court issuing a final order denying a § 2254 application must also decide whether to issue a certificate of appealability. *See* 3d Cir. L.A.R. 22.2 (2011). A certificate of appealability is appropriate when a petitioner makes a "substantial showing of the denial of a constitutional right" by demonstrating "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). When a federal court denies a habeas petition on procedural grounds without reaching the underlying constitutional claims, the court is not required to issue a certificate of appealability unless the petitioner demonstrates that jurists of reason would find the following debatable: (1) whether the petition states a valid claim of the denial of a constitutional right; and (2) whether the court was correct in its procedural ruling. *Id.*

The court has concluded that the instant application does not warrant federal habeas relief. Consequently, the court declines to issue a certificate of appealability because petitioner has failed to make a substantial showing of the denial of a constitutional right.

## VI. CONCLUSION

For the foregoing reasons, the court will deny petitioner's § 2254 application.

The court also finds no basis for the issuance of a certificate of appealability.   An appropriate order will follow.